UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| Jose Lopez, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 18-10183-LTS |
| | ) | |
| Charlie Baker, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

May 10, 2018

SOROKIN, J.

For the reasons stated below, this action is DISMISSED without prejudice.

I. BACKGROUND

Jose Lopez, an inmate in custody at the Wallens Ridge State Prison in Virginia, filed what he describes as a criminal complaint. Doc. No. 1. He seeks "one million six hundred thousand [dollars] in the mean of legal currency of the United States of America" from the Governor and Attorney General for the Commonwealth of Massachusetts. *Id.* at p. 20, ¶ 6. Accompanying the complaint is Lopez' "Affidavit of Notice of Default." Doc. No. 1-1.

Both the complaint and affidavit have been notarized and the lengthy documents contain rambling references to various laws and, in particular, the laws governing commercial transactions under the Uniform Commercial Code. Doc. Nos. 1, 1-1. Lopez describes himself "of the Tribe/family of Rivera, agent, del gratia, sui juris, Doc. No. 1, p. 1., and as "a Secured Party Creditor Sovereign (S.P.C.S.)." *Id.* at p. 20, ¶ 1. He contends that he is "the sole individual being damaged in (sic) the result of this commercial trade treason crime," Doc. No. 1,

p. 2, and that through his filing a "True Bill Commerce Affidavit," *Id.* at p. 1, the court and the United States Attorney become the competent authorities to prosecute and adjudicate the alleged crimes. Doc. No. 1, p. 2.

II.     SCREENING THE COMPLAINT

Under 28 U.S.C. § 1915(A), the Court is required to conduct a prompt threshold review of prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity, and to summarily dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim on which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, a district court has inherent authority to dismiss a frivolous or malicious complaint *sua sponte*. *Akande v. John Doe 1*, No. 12-10742-RWZ, 2012 WL 1658981, at *1 (D. Mass. May 10, 2012) (citing *Mallard v. United States District Court*, 490 U.S. 296, 307-08 (1989); *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000)). In conducting this review, the Court liberally construes the plaintiff's pleadings because he is proceeding *pro se*. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

III. DISCUSSION

Even with a liberal construction, there is no legal basis for granting the relief plaintiff seeks. The Court notes that plaintiff's description of himself as well as his reference to commercial law are common to the legal arguments asserted by sovereign citizen groups.[1] The court views the complaint as frivolous inasmuch as the arguments based on commercial law are without merit and it states no cognizable claims.

Although the Court often affords *pro se* plaintiffs an opportunity to amend a complaint in recognition that "basic fairness, as well as 'sound prudential reasons,' counsel against most uses of the power to dismiss cases *sua sponte*," Gonzalez–Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001), this is one of those cases in which it "is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." *Id.* at 36–37.

IV. CONCLUSION

Accordingly, this action is <u>DISMISSED</u> without prejudice pursuant to 28 U.S.C. § 1915(A). The clerk shall enter a separate order of dismissal.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[1] The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior. *United States v. Ulloa*, No. 11–5368, 511 Fed. Appx. 105, 107, 2013 WL 535776, at n. 1. (2d Cir. 2013); *see also Gauthier v. Kirkpatrick*, 2013 WL 6407716, at *17 n.18 (D. Vt. Dec. 9, 2013) (noting courts have described sovereign citizen ideology as "completely without merit," "patently frivolous," and "having no conceivable validity in American law") (citations omitted).

3